**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TEXAS DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | **1:11-cv-726** |
| **CHRISTIE CRAIG, BARNES & NOBLE, INC.** | § | |
| **HACHETTE BOOK GROUP USA,** | § | |
| **and GRAND CENTRAL PUBLISHING** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **Defendants.** | § | |

**COMPLAINT AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND**
**TEMPORARY AND PERMANENT INJUNCTION**

**The Parties**

1.      Plaintiff, the Texas Department of Transportation ("TxDOT"), is a Texas state agency with a principal place of business at 125 E. 11th Street, Austin, Texas 78701-2483.

2.      Upon information and belief, defendant Christie Craig is an author residing in Houston, Texas.   Upon information and belief, defendant Barnes & Noble is a Delaware corporation with a principal place of business at 122 Fifth Avenue, New York, New York 10011. Upon information and belief, defendant Hachette Book Group USA is a Delaware corporation with a principal place of business at 237 Park Avenue, New York, New York 10017-3140.   Upon information and belief, defendant Grand Central Publishing is a Delaware corporation and subsidiary of Hachette Book Group USA, with a principal place of business at 237 Park Avenue, New York, New York 10017-3140.   The foregoing entities are collectively referred to "Defendants," unless otherwise individually specified.

1

## JURISDICTION

3.      Jurisdiction is proper in this Court pursuant to 15 U.S.C.A. § 1121, and 28 U.S.C.A. §§ 1331 and 1338, because this action, at least in part, is an action for trademark infringement, dilution, and unfair competition, and arises under the trademark laws of the United States, Title 15, United States Code.  This Court has jurisdiction over any Texas state law claims under principles of pendent and ancillary jurisdiction.

4.      Upon information and belief, Defendants offer and sell books (both electronic and hard copy) as well as other related products and services.

5.      Upon information and belief, Defendants actively market and sell books (electronic and hard copy) to customers worldwide, nationwide, and statewide, including to persons and entities that reside in this judicial district and division.  Barnes & Noble's website, located at http://www.barnesandnobleinc.com/our_company/our_company.html, states that between its stores and its online operations, it sells approximately 300 million books per year. Hachette Book Group's website at http://www.hachettebookgroup.com/about_index.aspx states that it is "a leading US trade publisher headquartered in New York, and owned by Hachette Livre, the second largest publisher in the world."

6.      This Court may exercise personal jurisdiction over Defendants by virtue of Defendants' marketing and sales of commercial goods and/or services within this judicial district.

7.      This Court may exercise personal jurisdiction over Defendants by virtue of Defendants' commission of the activities complained of herein within this judicial district.

## VENUE

8.      Venue is proper in this district pursuant to 28 U.S.C.A. §§ 1391(b) and (c) because one or more Defendants reside and/or maintain offices and/or retail outlets in this district, and/or because certain Defendants may be found in this district, and/or because the Defendants' Products are or will be offered in this district, and/or because one or more of the acts complained of took place in this district.

## GENERAL AVERMENTS

9.      TxDOT has registered the mark DON'T MESS WITH TEXAS (the "Mark") on the principal register of the United States Patent and Trademark Office ("USPTO") in connection with various goods and services.  *See* printouts of TxDOT trademark registrations, attached hereto as composite Exhibit A.  The applications for the earliest of such registrations were filed on October 16, 2000, and the registrations issued in September and October 2002.  *See* U.S. Reg. Nos. 2627196, 2616831, and 2619887, included as part of composite **Exhibit A**.

10.     The foregoing registrations of the Mark are valid, subsisting, in full force and effect, and certain of the registrations have become incontestable pursuant to 15 U.S.C. § 1065.

11.     The registrations for the Mark constitute *prima facie* evidence of their validity and conclusive evidence of TxDOT's exclusive right to use the Mark in connection with the goods and services identified therein and other commercial goods and services provided by TxDOT.

12.     The registrations for the Mark also provide sufficient notice to Defendants of TxDOT's ownership and exclusive rights in and to the Mark.

13.     The Mark has been in continuous use for many years in connection with various goods and services, including but not limited to anti-litter campaigns, clothing, beverage

containers, magnets, jewelry, printed materials (such as postcards, note pads, posters, folders, decorative pencils, etc.).  *See* **Exhibit A**.

14.     TxDOT has spent millions of dollars advertising the Mark and related goods and services, throughout the State of Texas and this judicial district, as well as nationwide.  TxDOT has received numerous awards and favorable publicity in connection with the Mark.  *See* list of awards and honors, attached as **Exhibit B**.

15.     As a result of TxDOT's activities, and the widespread publicity and favorable acclaim for the Mark, the Mark is now famous as that term is used in 15 U.S.C. § 1125 (c)(1).  In particular, the Mark has been marketed, advertised and used nationwide by TxDOT and authorized third parties in a variety of forms of media (television, print, radio, Internet, etc.) for over twenty (20) years.  TxDOT has offered and sold its various products, either directly or through authorized third parties, on a nationwide basis for over twenty (20) years.  The Mark has been widely recognized by third parties, and the goods and services offered under the Mark are associated with TxDOT.  As an example, surveys have indicated that the Mark is recognized by over 95% of the population in the State of Texas.

16.     As a result of extensive use and promotion, the Mark has acquired a favorable reputation to consumers as an identifier and symbol of TxDOT and its products, services, and goodwill. Accordingly, TxDOT is the owner of broad common-law and federal trademark rights in the Mark.

17.     On or about August 8, 2011, TxDOT discovered that Defendants intend to publish on August 23, 2011 a "romance novel" by the title of "Don't Mess with Texas."  *See* composite **Exhibit C**.  On August 9, 2011, TxDOT sent a demand letter to Defendants regarding

4

infringement and dilution, and requested that the title of the foregoing book be changed to something else that did not incorporate the Mark.  *See* **Exhibit D**.

18.     Defendants' responded on August 10, 2011, denying that any alteration was necessary.  *See* **Exhibit E**.

19.     On or about August 17, 2011, TxDOT received a copy of the Defendants' book. The book contains numerous graphic references to sexual acts, states of sexual arousal, etc.  In addition, Defendants have purposefully sought to copy and use the Mark, as admitted in the context of the book at issue.  *See* excerpts from the book, attached as composite **Exhibit F**.

20.     Defendants have not obtained authorization, permission, or a license from TxDOT to use the Mark in connection with the book entitled "Don't Mess with Texas."

21.     Defendants intend to sell their book in some of the same established, likely to continue trade channels as some of TxDOT's products that are marketed and sold under the Mark (*e.g.*, TxDOT has licensed rights to a book entitled "Don't Mess with Texas," which is currently sold in Barnes & Noble stores; TxDOT also has registered the Mark for use in connection with printed materials such as notepads, or decorative pencils, while Barnes & Noble also sells pencils and notepads through its retail and online stores).  *See* printout from Barnes & Noble website, indicating that it also sells, for example, pencils and notepads at its stores, attached as **Exhibit G**.  If Defendants are allowed to proceed with publication of the book entitled "Don't Mess with Texas," irreparable harm will result to TxDOT.  See also declaration attached as **Exhibit H**.

## Count I – Trademark Infringement

22.     TxDOT hereby repeats the allegations of paragraphs 1-21 above as if fully set forth herein.

23.     This cause of action arises under § 32 of the Trademark Act of 1946 as amended (15 U.S.C. § 1114) for infringement of a federally registered trademark, as well as pursuant to provisions of state law.

24.     Defendants, without authorization from TxDOT, have used, will use, and/or will continue to use a book title "Don't Mess with Texas" that is confusingly similar to the Mark.

25.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' book originates from, or is affiliated with, sponsored by, or endorsed by TxDOT.

26.     Upon information and belief, Defendants have acted with knowledge of TxDOT's ownership of the Mark and with deliberate intention or willful blindness to unfairly benefit from the enormous amount of goodwill symbolized by the Mark.

27.     Upon information and belief, Defendants have made, will make, and/or will continue to make substantial profits and gains to which they are not in law or equity entitled as a result of the unauthorized use of the Mark.

28.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

29.     Defendants' acts have damaged and will continue to damage TxDOT, and TxDOT has no adequate remedy at law.

## Count II – Dilution (Blurring)

30.     TxDOT hereby repeats the allegations of paragraphs 1-29 above as if fully set forth herein.

31.     The Mark is strong and distinctive, has been in use for many years and has achieved enormous and widespread public recognition.

32.     The Mark is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

33.     Defendants' use of the book title "Don't Mess with Texas," without authorization from TxDOT, is diluting the distinctive quality of the Mark and is decreasing the capacity of the Mark to identify and distinguish TxDOT's products and services.  In particular, Defendants' actual or proposed use of the Mark is likely to cause dilution by blurring by creating a likelihood of association with TxDOT's famous Mark arising from its similarity to TxDOT's Mark, and is likely to impair the distinctiveness of TxDOT's famous Mark.

34.     Defendants' actual or proposed use of the Mark is likely to cause dilution by blurring, in light of, *inter alia*, the following factors:  (a) the degree of similarity between the Defendants' actual or proposed use of "Don't Mess with Texas" and the Mark, (b) the degree of inherent or acquired distinctiveness of the Mark, (c) the extent to which TxDOT is engaging in substantially exclusive use of the Mark, (d) the degree of recognition of the Mark, (e) the Defendants' intention to create an association with the Mark, and (f) actual association between Defendant's actual or proposed use of "Don't Mess with Texas" and the Mark.

35.     Defendants have intentionally and willfully diluted the distinctive quality of the famous TxDOT Mark in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

36.     Upon information and belief, Defendants have made, will make, and/or will continue to make substantial profits and gains to which they are not in law or equity entitled as a result of the unauthorized use of the Mark.

37.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

38.     Defendants' acts have damaged and will continue to damage TxDOT, and TxDOT has no adequate remedy at law.

## Count III – Dilution (Tarnishment)

39.     TxDOT hereby repeats the allegations of paragraphs 1-38 above as if fully set forth herein.

40.     The Mark is strong and distinctive, has been in use for many years and has achieved enormous and widespread public recognition.

41.     The Mark is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

42.     Defendants' use of the book title "Don't Mess with Texas," without authorization from TxDOT, is diluting the distinctive quality of the Mark and is decreasing the capacity of the Mark to identify and distinguish TxDOT's products and services.  In particular, Defendants' actual or proposed use of the Mark is likely to cause dilution by tarnishment by creating an association arising from the similarity between Defendants' actual or proposed use of the Mark and TxDOT's Mark thereby harming the reputation of TxDOT's Mark.

43.     Defendants' actual or proposed use of the Mark is likely to cause dilution by tarnishment, in light of, *inter alia*, the following factors:  (a) the degree of similarity between the Defendants' actual or proposed use of "Don't Mess with Texas" and the Mark, (b) the degree of

inherent or acquired distinctiveness of the Mark, (c) the extent to which TxDOT is engaging in substantially exclusive use of the Mark, (d) the degree of recognition of the Mark, (e) the Defendants' intention to create an association with the Mark, and (f) actual association between Defendant's actual or proposed use of "Don't Mess with Texas" and the Mark.

44.     Defendants have intentionally and willfully diluted the distinctive quality of the famous TxDOT Mark in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

45.     Upon information and belief, Defendants have made, will make, and/or will continue to make substantial profits and gains to which they are not in law or equity entitled as a result of the unauthorized use of the Mark.

46.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

47.     Defendants' acts have damaged and will continue to damage TxDOT, and TxDOT has no adequate remedy at law.

## Count IV – Dilution (Texas State Law)

48.     TxDOT hereby repeats the allegations of paragraphs 1-47 above as if fully set forth herein.

49.     The Mark is strong and distinctive marks, has been in use for many years and has achieved enormous and widespread public recognition.

50.     Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the Mark has become and continues to be famous and distinctive.

51.     Defendants' use of the book title "Don't Mess with Texas," without authorization from TxDOT, is diluting the distinctive quality of the Mark and is decreasing the capacity of the

Mark to identify and distinguish TxDOT products and services and has caused a likelihood of harm to TxDOT's business reputation.

52.     Based on the foregoing acts, Defendants have diluted the distinctive quality of the famous Mark in violation of Section 16.29 of the Texas Business and Commerce Code.

53.     The foregoing acts of Defendants also constitute injury to TxDOT's business reputation in violation of Section 16.29 of the Texas Business and Commerce Code.

54.     Upon information and belief, Defendants have made, will make, and/or will continue to make substantial profits and gains to which they are not in law or equity entitled as a result of the unauthorized use of the Mark.

55.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

56.     Defendants' acts have damaged and will continue to damage TxDOT, and TxDOT has no adequate remedy at law.

## Count V – Unfair Competition

57.     TxDOT hereby repeats the allegations of paragraphs 1-56 above as if fully set forth herein.

58.     This cause of action arises under the common law of unfair competition of the State of Texas, as well as pursuant to the Lanham Act (15 U.S.C. § 1125).

59.     By reason of the foregoing acts, Defendants have traded upon and appropriated the reputation and valuable good will of TxDOT and have acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of Defendants' goods and/or services.

60.     Defendants' acts are likely to lead the public mistakenly to the belief that Defendants' goods and/or services are in some way related to, sponsored by, or associated with, TxDOT, and/or create the impression that Defendants' and TxDOT's goods and/or services are distributed under the same corporate aegis and authority.

61.     Defendants' activities constitute unfair competition and a misappropriation and infringement of TxDOT's registered and common law trademark rights, and have caused and will continue to cause irreparable injury, harm and damages to TxDOT unless enjoined by this Court.

## Count VI – Request for Temporary Restraining Order, and Temporary and Permanent Injunctive Relief

62.     TxDOT hereby repeats the allegations of paragraphs 1-61 above as if fully set forth herein.

63.     This cause of action arises under the Lanham Act (15 U.S.C. §§ 1116(a) and 1125(c)(1)).

64.     There is a present danger of irreparable harm if a temporary restraining order and injunctive relief is not granted, since Defendants intend to publish the book entitled "Don't Mess with Texas" on or about August 23, 2011.  TxDOT requires judicial relief prior to the publication of the Defendants' book since the harm to the Mark will occur upon release of the book.

65.     Accordingly, TxDOT requests that the Court enter a temporary restraining order and an order preliminarily and permanently enjoining the Defendants from using "Don't Mess with Texas," or anything confusingly similar thereto, in connection with any book titles, unless prior express written authorization is obtained from TxDOT.

## Jury Demand and Request for Injunctive Relief

66.     TxDOT demands a trial by jury on all issues, in the event that this Court does not enter the temporary and permanent injunctive relief requested herein.

## PRAYER

WHEREFORE, the Texas Department of Transportation respectfully requests that this Court enter judgment against Defendants as follows:

A.     Finding that:

(i)     Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c));

(ii)     Defendants have injured TxDOT's business reputation and diluted the Mark in violation of § 16.29 of the Texas Business and Commerce Code;

(iii)     Defendants have engaged in trademark infringement and unfair competition under the common law of Texas; and

(iv)     Defendants have been and/or will be unjustly enriched in violation of Texas common law.

B.     Granting a temporary restraining order and an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, and § 16.29 Texas Business and Commerce Code, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any book or other product which bears the Mark,

or any other mark or design element substantially similar or confusing thereto, and engaging in any other activity constituting an infringement of any of TxDOT's rights in or to the Mark;

       2.     engaging in any other activity constituting unfair competition with TxDOT, or acts and practices that deceive consumers, the public, and/or trade; and,

       3.     engaging in any other activity that will cause the distinctiveness of the Mark to be diluted.

C.     Requiring Defendants to re-title the book at issue and recall from any distributors and retailers and to deliver to TxDOT for destruction or other disposition any inventory of the book at issue, including all advertisements, promotional and marketing materials therefore;

D.     Requiring Defendants to file with this Court and serve on TxDOT within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by TxDOT, or is related in any way with TxDOT and/or its products;

F.     Ordering Defendants to account to and pay to TxDOT all profits realized by their wrongful acts and also awarding TxDOT its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding TxDOT actual and punitive damages to which it is entitled under applicable federal and state laws;

H.      Awarding TxDOT its costs, attorneys' fees, and expenses to the full extent provided by Section 35 and 43 of the Lanham Act (15 U.S.C. §§ 1117 and 1125);

I.      Awarding TxDOT pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

J.      Awarding TxDOT such additional and further relief as the Court deems just and proper.

Respectfully submitted,

/Dwayne K. Goetzel/

_____

Dwayne K. Goetzel
Texas Bar No. 08059500
Eric B. Meyertons
Texas Bar No. 14004400
Meyertons, Hood, Kivlin,
   Kowert & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**TEXAS DEPARTMENT OF**
**TRANSPORTATION**